Curia, per Evans, J.
The grounds upon which the case has been put.in this court are, 1st, a variance between the declaration and the proof: 2d, that the plaintiff has declared against the defendants, as indorsers, under the statute of Anne, and not as securities, under the law of the state of Georgia: 3d, that having received notice to sue, the plaintiff should have proved that he did so within three months, as required by the Georgia law. On the ground of variance, I have but little to add to what is said in the report. If there was clearly a variance in setting out the name of the maker of the note, it would be fatal. In some places, *94 it is clearly ‘ Logan •’ and in others, it seems more like ‘ Ligan.’ It is to be presumed, the attorney who drew the declaration knew the true name; and, as he has in some places put the name correctly, we ought not to scrutinize too strictly, in order to turn a party out of court. We think the cause of action is sufficiently set forth, to be a bar to another suit for the same cause. The objection stated in the 2d ground is not contained in the notice, and that might be a sufficient reason why we should not consider it, as it is more of form than of substance; but, when it is examined well, nothing will be found in it which can avail the defendant. The declaration sets out the making of the note, the endorsement, demand and notice, and if it had gone on to derive the defendant’s liability from the statute of Anne, then, I should think, that he must prove every thing necessary to charge him as indorser. But it does not do this. Bivested of the unnecessary allegations of demand on the maker and notice to the indorsers, it alleges that the defendants became liable to pay, &c. The law of Georgia, by dispensing with demand and notice, makes the liability of the indorser an absolute and not a conditional one, thereby putting him on the same footing as a security. The only objection to the declaration is, that the plaintiff has averred more than, by the law of the 'contract, he is bound to prove. This will not vitiate.
It is very clear, by the 2d section of the law of Georgia, if the plaintiff had neglected to sue within three months after notice to do so was given him, the defendants were discharged. The jury were expressly instructed on this point, and their verdict is conclusive. The argument as I understand it, is, that the defendants having proved notice to sue, the plaintiff on .his part was bound to show he had done so within three months. My own opinion was then, and is' now, that the defendant was bound to prove both parts of the proposition: both were necessary to his defence. But it is unnecessary to decide that point. The whole difficulty was, when did the defendants give notice to sue ? The witness who proved the notice did not prove the time, and, I apprehend, the defendants were bound to show the time, in order that the plaintiff might make out his replication, that his action was brought within three months from the notice. All the difficulty on this *95 part of the ease arose from the fact, that there was no satisfactory proof that the plaintiff did not sue within three months after notice. The existence of this was necessary to discharge the defendants; and if he has failed to establish the fact, it is his fault or misfortune, against which we cannot relieve him.
Thompson and Townes, for the motion.
Terry, contra.
The motion is dismissed on all the grounds.
Gantt, O’Neall, Earle, and Butler, Justices, concurred.